# IN THE COURT OF APPEALS OF IOWA

No. 25-0355
Filed January 28, 2026

**State of Iowa,**
Plaintiff–Appellee,

v.

**Jamie Dwayne Luebs,**
Defendant–Appellant.

Appeal from the Iowa District Court for Warren County,
The Honorable John D. Lloyd, Judge.

**APPEAL DISMISSED**

John C. Heinicke of Kragnes & Associates, P.C., West Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

Jamie Luebs asserts the sentencing court abused its discretion by failing to give sufficient reasons for imposing a nine-year consecutive sentence. The State disagrees and points to Luebs's plea agreement where he agreed he would serve prison time not to exceed five years for the operating while intoxicated (OWI) charge, two years for the driving while barred charge, and two years for the child endangerment charge, with the sentences to be served consecutively, and the fact that the sentencing court imposed this same sentence.[1] The State contends we do not have jurisdiction to consider this appeal. We agree.

Because the sentencing court imposed the sentence agreed to in the plea agreement and the case does not involve a class "A" felony, there is not "good cause" to consider this appeal. *State v. Cart*, No. 23-1338, 2025 WL 854775, at *2 (Iowa Ct. App. Mar. 19, 2025) (recognizing that the question remains unanswered by our supreme court,[2] but collecting cases from this court that have "routinely declined to find good cause"); *see also State v. Taylor*, No. 24-1320, 2025 WL 1322767, at *1 (Iowa Ct. App. May 7, 2025) ("In situations such as this one, in which the defendant does not allege a procedural error and appeals a sentence that conforms with the plea agreement, we have continually determined the defendant failed to establish good cause."). And, Luebs admitted that he "received the exact sentence on

---

[1] Charges for two other counts of child endangerment and a habitual-offender enhancement were dismissed as a part of the plea agreement.

[2] "We save for another day the question of whether good cause exists to solely appeal an agreed sentence without an accompanying sentencing error outside the scope of the plea agreement." *State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022).

February 25, 2025, that matched the terms and conditions when he signed the guilty plea on January 6, 2025, down to an incorrect fine of $1,025.00 instead of a fine of $3,175.00 for Count I, OWI-3rd."

Luebs received the agreed-upon sentence and raised no error related to the plea agreement. Therefore, under our case law, because Luebs has not established good cause to appeal pursuant to Iowa Code section 814.6(1)(a)(3) (2025), we lack jurisdiction to consider the appeal.

**APPEAL DISMISSED.**